# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William T. Hart | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 0678 | **DATE** | 6/27/2012 |
| **CASE TITLE** | Antonio Kendrick (#R-51546) v. Eric Holder, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. However, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. The case is terminated. The plaintiff's motion for appointment of counsel [#4] is denied as moot. The trust fund officer at the plaintiff's place of confinement is authorized and ordered to make deductions from the plaintiff's account and payments to the Clerk of Court in accordance with this order. The Clerk is directed to mail a copy of this order to the trust fund officer at Stateville Correctional Center. This dismissal counts as one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). Plaintiff's motion for preliminary review of his complaint [#7] is granted, however the Court declines to issue summonses as the complaint is dismissed. All other motions are denied as moot.

■ [For further details see text below.]   Docketing to mail notices.
*Mail AO 450 form.

## STATEMENT

Plaintiff has filed this cause of action pursuant to the Civil Rights Act, 28 U.S.C. § 1983. Plaintiff purports to allege that 28 U.S.C. § 2254(d) is unconstitutional as applied to him. Plaintiff's complaint reveals, however, that plaintiff's first five claims are, in and of themselves, a petition for habeas relief. Plaintiff's claims six through eleven appear to be an attempt to appeal the denial of plaintiff's prior habeas corpus petition. *See* ***U.S. ex rel. Antonio Kendrick v. Terry McCann***, 2010 WL 3700233 (N.D.Ill. Sept. 8, 2010) (No. 08 C 6281) (Pallmeyer, J.), *certificate of appealability denied sub nom.*, ***Kendrick v. Hardy***, No. 10-3297 (7th Cir. March 11, 2011), *cert. denied*, 132 S. Ct. 406 (2011) ("***Kendrick I***"). After reconsideration was denied, a certificate of appealability was again denied. *See* ***Kendrick v. Hardy***, No. 11-3033 (7th Cir. Dec. 13, 2011).

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is assessed an initial partial filing fee of $15.49. The inmate trust fund officer at Stateville Correctional Center is authorized and ordered to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the Clerk of the Court. After payment of the initial partial filing fee, the trust fund officer at plaintiff's place of confinement is directed to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the Clerk of the Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and the case number assigned to this action. The Stateville Correctional Center inmate trust account office shall notify transferee authorities of any outstanding balance in the event plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915(e)(2), the court is required to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or **(CONTINUED)**

| | AWL |
|---|---|

seeks monetary relief against a defendant who is immune from such relief. Here, even accepting plaintiff's factual allegations as true, the court finds that the complaint fails to state a claim as a matter of law.

Initially, the Court notes that though plaintiff has brought suit pursuant to 42 U.S.C. § 1983, his first five claims are, in actuality, a petition for habeas corpus relief. The Court is not permitted to "convert" a civil rights action into a habeas corpus suit and decide the case on its merits. ***Pischke v. Litscher***, 178 F.3d 497, 500 (7th Cir. 1999). Rather, "[i]t should simply be dismissed, leaving to the prisoner to decide whether to refile it as a petition for habeas corpus." *Id.* However, plaintiff has already brought a § 2254 petition in this Court, challenging his conviction and sentence. Therefore, under § 106(b)(3) of the Antiterrorism and Effective Death Penalty Act of 1996, he must obtain prior leave from the appellate court before the district court can consider a second or successive petition. Thus, to the extent that plaintiff is attempting to have this Court re-hear claims already raised, the Court has no jurisdiction to consider those claims without a showing that he successfully sought leave to pursue them in a successive habeas petition. *See* 28 U.S.C. 2244(b); ***White v. United States***, 371 F.3d 900, 903 (7th Cir. 2004); ***In re Page***, 170 F.3d 659, 661 (7th Cir. 1999); ***Nunez v. United States***, 96 F.3d 990, 991 (7th Cir. 1996).

Additionally, with respect to plaintiff's remaining claims, while he couches his claims in terms of a constitutional challenge to 28 U.S.C. § 2254 and various other procedural statutes, his factual allegations appear to be an attempt to contest the denial of his previous petition for habeas relief in ***Kendrick I***. Regardless of what plaintiff has titled his claims, its nature is to be determined by the substance of the pleading. ***Godoski v. United States***, 304 F.3d 761, 763 (7th Cir. 2002). The remedy for denial of a petition for habeas relief pursuant to 28 U.S.C. § 2254 is to seek certificate of appealability pursuant to 28 U.S.C. § 2253. Plaintiff sought a certificate of appealability in ***Kendrick I*** and it was denied by the Seventh Circuit Court of Appeals, with the United States Supreme Court denying *certiorari*. This Court has no authority to review the Seventh Circuit's denial.

Plaintiff contends his due process rights were violated because he was a denied certificate of appealability on his prior habeas petition. However, he has failed to state a due process violation. Deprivations of life, liberty, or property must be accompanied by notice and the opportunity for a hearing appropriate to the interest at issue. ***Abcarian v. McDonald***, 617 F.3d 931, 941 (7th Cir. 2010), quoting ***Mullane v. Central Hanover Bank & Trust Co.***, 339 U.S. 306, 313 (1950); *see also* ***Pugel v. Bd. of Trs. of Univ. of Ill.***, 378 F.3d 659, 662-663 (7th Cir. 2004) ("The hallmarks of procedural due process are notice and an opportunity to be heard."), also citing ***Mullane***. Plaintiff's complaint makes clear that he had both notice and an opportunity to be heard, both in state court and in federal court. He has consequently failed to state a claim for violation of his due process rights. Discerning no other federal cause of action, and nor any claim that could satisfy the requirements for diversity jurisdiction, *see* 28 U.S.C. § 1332, this case is dismissed.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

If plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty (30) days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. ***Evans v. Ill. Dep't of Corr.***, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, plaintiff may also accumulate another "strike."